LAW OFFICE OF DANA A. EHRLICH
Attorney for ENOLA GAY GEORGE
P.O. Box 1831
San Angelo, TX 76902
Office # (325) 655-5351   Fax # (325) 655-7089
Bar # 06486400

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**SAN ANGELO DIVISION**

Division Code: 6
Case Number: 10-60198-13
Dated: 9/14/2010
SSN1: xxx-xx-3921
SSN2: xxx-xx-

DEBTOR 1:   ENOLA GAY GEORGE
DEBTOR 2:
Judge: RLJ

# DEBTOR'S(S') CHAPTER 13 PLAN AND MOTION FOR VALUATION
## SECTION I
### DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS

| | | |
|---|---|---|
| This Plan contains non-standard provisions: (Yes or No) | **no** | DATE CASE WAS FILED: 09/03/2010 |
| DEBTOR 1 & DEBTOR 2 MONTHLY TAKE HOME PAY: | $3,000.00 | DATE FIRST PAYMENT IS DUE: 10/3/2010 |
| DEBTOR 1 & DEBTOR 2 MONTHLY EXPENSES: | $2,445.00 | |
| MONTHLY SURPLUS AVAILABLE FOR PLAN PAYMENTS: | $555.00 | |
| DATE CONVERTED TO CHAPTER 13: | | NUMBER OF PLAN PAYMENTS: 60 |
| FIRST DATE SET FOR MEETING OF CREDITORS: | 10/04/2010 | PLAN BASE AMOUNT: $33,300 |
| DATE IF MEETING OF CREDITORS CONTINUED: | | CALCULATED BASE AMOUNT: $33,263.95 |
| 90 DAY BAR DATE: | 1/2/2011 | |
| 180 DAY BAR DATE: | 3/2/2011 | |

**A. DEBTOR PAYMENTS:**

| | Beginning Month | Ending Month | Debtor 1 Amount | Debtor 2 Amount | Totals |
|---|---|---|---|---|---|
| | 1 | 60 | $555 | | $33,300 |

**B. ADMINISTRATIVE AND DSO CLAIMS:**

1. CLERK'S FILING FEES: Total filing fees for this case are _____ and shall be paid in full prior to any other disbursement to any creditor.
2. TRUSTEE FEES AND NOTICE FEES: Trustee fees shall be paid first out of each disbursement and as provided in General Order 2009-03. The Trustee shall be allowed noticing fees per General Order 2009-03. The total notice fees for this case: $182.00
(The calculation for this fee is the total number of creditors noticed by U.S. Mail X $.91 per notice X 4 notices.)

3. DOMESTIC SUPPORT OBLIGATIONS: Prior to discharge, Debtor will pay all post-petition Domestic Support Obligations (defined in Section 101(14)(A)) directly to the holder(s) of such obligation(s), unless payment through the Plan as hereinafter provided is agreed to in writing by the respective holder(s) of the claim(s) or their agent(s). Pre-petition Domestic Support Obligations per Schedule "E" shall be paid the following monthly payments as a priority creditor.

**NONE LISTED**

**C. ATTORNEY FEES:** To Dana Ehrlich, Total fees of: $3,000.00 with $500.00 paid pre-petition; and $2,500.00 paid through the Trustee. Pre-confirmation payments to debtors attorney will be per the Authorization for Adequate Protection Disbursements (AAPD). Post-confirmation payments to Debtor's attorney will be made from funds remaining after payment of Administrative claims as provided above ('B') and each specified monthly plan payment to secured creditors '('D') and/or 'E' below) and before any payment to priority creditors ('H' below) or unsecured creditors ('I' and 'J' below).

**D. HOME MORTGAGE ARREARS**

Home mortgage arrearages of the Debtor shall be paid as follows. Regular mortgage payments shall resume beginning with the first payment due after the petition date.

| Creditor Name | Collateral Description | Total Arrears | Date Arrears are Through | Annual % Rate | # of Pmts | Periodic Pmt Amount |
|---|---|---|---|---|---|---|
| CHASE HOME FINANCE | HOME 5236 FAIRWAY DRIVE SAN ANGELO | ****SEE LEFT | 10/01/2010 | 0.00% | 60 | $0.00 |
| BANK OF AMERICA HOME LOAN | HOME 5236 FAIRWAY DRIVE SAN ANGELO | ****SEE LEFT | 10/01/2010 | 0.00% | 60 | $0.00 |
| . . | | | | 0.00% | 60 | $0.00 |
| . . | | | | 0.00% | 60 | $0.00 |
| . . | | | | 0.00% | 60 | $0.00 |

If pursuant to this Plan, the Debtor pays through the Trustee the Allowed pre-petition Home Mortgage Arrearage Claim Amount to any Mortgagee identified in paragraph ('D') or its assignee(s), while timely making all required post-petition mortgage payments, upon discharge, the mortgage will be reinstated according to its originals terms, extinguishing any right of the Mortgagee or its assignee(s) to recover any amount alledged to have arisen prior to the filing of the petition.

**E.(1) SECURED 1325(a)(5)(A) or (B) CLAIMS (Paid by Trustee)**

"CODE" definitions: "T" = Paid by Trustee or "A" = Motion to Avoid Lien will be Filed
Any Deficiency, where the "Claim Amount" exceeds the "Value of Collateral", will automatically "split" and be shown in the unsecured sections that follow.

| Creditor Name | Collateral Description | Scheduled Amount | Claim Amount | Value of Collateral | Annual % Rate | # of Pmts | CODE | Periodic Pmt Amount |
|---|---|---|---|---|---|---|---|---|
| First Community Federal Credit Union | 2005 Chevrolet Corvette | $22,026.34 | $22,026.34 | | 8.75% | 60 | T | $454.56 |

**E.(2)(a) SECURED 1325(a)(9) CREDITORS (Paid by Trustee) - NO CRAM DOWN - NONE LISTED**

**E.(2)(b) SECURED 1325(a)(9) CREDITORS (Paid by Trustee) - CRAM DOWN - NONE LISTED**

TO THE EXTENT THE VALUE AMOUNT IN E.(2)(b) IS LESS THAN THE SCHEDULED AMOUNT IN E.(2)(b), THE CREDITOR SHALL HAVE THE OPTION OF REQUIRING THE DEBTOR TO SURRENDER THE COLLATERAL BY OBJECTING TO THE PROPOSED TREATMENT.

IN THE EVENT THAT A CREDITOR OBJECTS TO THE TREATMENT PROPOSED IN PARAGRAPH E.(2)(b), THE DEBTOR RETAINS THE RIGHT TO SURRENDER THE COLLATERAL TO THE CREDITOR.  IF THE DEBTOR ELECTS TO SURRENDER THE COLLATERAL, THEN THE AUTOMATIC STAY WILL BE TERMINATED AS TO SUCH COLLATERAL UPON ENTRY OF THE ORDER CONFIRMING THE PLAN, UNLESS OTHERWISE ORDERED BY THE COURT.

ABSENT SUCH OBJECTION, THE CREDITOR(S) LISTED IN E.(2)(b) SHALL BE DEEMED TO HAVE "ACCEPTED" THE PLAN PER SECTION 1325(a)(5)(A) OF THE BANKRUPTCY CODE AND WAIVED THEIR RIGHTS UNDER SECTION 1325(a)(9).

THE VALUATION FOR SCHEDULED CLAIMS IN E(1) AND E(2)(b) WILL BE DETERMINED AT CONFIRMATION.  THE INTEREST RATE TO BE PAID ON THE SCHEDULED CLAIMS IN E(1), E(2)(a) AND E(2)(b) WILL ALSO BE DETERMINED AT CONFIRMATION.  THE SCHEDULED AMOUNT MAY BE ADJUSTED BASED ON A TIMELY FILED PROOF OF CLAIM AND THE TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC").

EXCEPT FOR "VALUATION" AND "INTEREST RATE", CONFIRMATION HEREOF SHALL BE WITHOUT PREJUDICE TO THE DEBTOR'S, THE TRUSTEE'S, OR ANY SECURED CREDITOR'S RIGHT TO A LATER DETERMINATION OF THE ALLOWED AMOUNT OF ANY CREDITOR'S SECURED CLAIM.  TO THE EXTENT SUCH CLAIM IS ALLOWED FOR AN AMOUNT GREATER OR LESSER THAN THE "SCHEDULED AMOUNT" PROVIDED FOR ABOVE, AFTER THE TRCC IS FINAL, DEBTOR WILL MODIFY THE PLAN TO FULLY PROVIDE FOR SUCH ALLOWED SECURED CLAIM.

DISBURSEMENTS TO CREDITORS LISTED IN E(2)(a) SHALL BE CALCUALTED USING THE SCHEDULED AMOUNT OR THE ALLOWED CLAIM AMOUNT WITHOUT CONSIDERATION OF VALUE.

## F.  SECURED CREDITORS (Collateral to be Surrendered) - NONE LISTED

## G.  SECURED CREDITORS (Paid Direct)

"CODE" definitions: *"D" = Paid Direct by Debtor(s)*

| Creditor Name | Collateral Description | Scheduled Amount | Claim Amount | Value of Collateral | CODE | Periodic Pmt Amount |
|---|---|---|---|---|---|---|
| Chase Home Finance | Debtor's Residence | $131,440.43 | | $196,300.00 | D | DIRECT |
| Bank of America Home Loans | Debtor's Residence | $16,575.64 | | $196,300.00 | D | DIRECT |
| HSBC Best Buy | 0701 | $1,153.87 | | $200.00 | D | DIRECT |

## H.  PRIORITY CREDITORS - NONE LISTED

## I.  SPECIAL CLASS CREDITORS - NONE LISTED

## J.  UNSECURED CREDITORS

Unsecured creditors are not guaranteed a dividend when the Plan is confirmed, see General Order 2009-03.  Unsecured creditors may receive a pro-rata share of the Unsecured Creditor pool which is estimated to be     $0.00     calculated as
$0.00     (Disposable Income per Section 1325(b)(2))  x     36     (Commitment Period per Section 1325(b)(4))
and shall not be less than     $0.00     (Pursuant to Section 1325(a)(4))

| Creditor Name | Description/Account Number | Scheduled Amount | Claim Amount | Secured Creditor Deficiencies From Above | Deficiency Amount |
|---|---|---|---|---|---|
| 1st Community FCU | 0359 | $9,115.71 | | | $0.00 |
| CashNetUSA.com | 12485041 | $878.36 | | | $0.00 |
| Chase Bank USA, N.A. | 6529 | $681.57 | | | $0.00 |
| Citibank-Sears Gold | 1182 | $1,922.75 | | | $0.00 |
| Danbury Mint | 0022 | $25.90 | | | $0.00 |
| First Bank of Delaware | 4142 | $1,839.67 | | | $0.00 |
| GE Money Bank-Dillards | 1500 | $1,217.47 | | | $0.00 |
| HSBC-Furniture Row | 1225 | $523.40 | | | $0.00 |
| National Processing of America | | $450.00 | | | $0.00 |
| Shell | 39564 | $1,311.58 | | | $0.00 |
| TG Loans | | $14,191.15 | | | $0.00 |
| WFNNB-Victoria Secret | 7-009 | $192.14 | | | $0.00 |
| Total General Unsecured Debt  (Scheduled/Claims): | | $32,349.70 | $0.00 | Total of Unsecured Deficiency Debt : | $0.00 |
| Total Scheduled General Unsecured Debt of Creditors That Have Not Yet Filed Claims: | | | | $32,349.70 | |

## K.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES

"CODE" definitions:  *"A" = Assume, "R" = Reject*

| Section 365 Party | Treatment | Cure Amount | CODE | Assume / Reject |
|---|---|---|---|---|
| Southland Mini Warehouses | paid direct-no arrearages | | A | ASSUMED |

**L.  CLAIMS TO BE PAID:** (# of Pmts) shown above gives the estimated number of months <u>from the date of confirmation</u> required to fully pay the <u>balance of the claim as of the date of confirmation</u>.  Calculation assumes that debtor will make all payments due between date hereof and date of confirmation.  (Note:  If AAPD payments have been authorized and made, they will be applied to principal as to <u>under</u>-secured claims and allocated between interest and principal as to over-secured claims.  Payment pursuant to this plan will only be made to secured, administrative, priority and unsecured claims that have been allowed or that the debtor has authorized in an AAPD.  General unsecured claims will not receive any payment until after the TRCC becomes final.

The "Scheduled Amount" shown in this Plan shall not determine the "Allowed Amount" of any claim.

## M.  ADDITIONAL PLAN PROVISIONS:  NONE

**COMPUTATION OF REQUIRED PLAN PAYMENTS**

| | Totals | Totals With Interest |
|---|---|---|
| Filing Fees | $0.00 | $0.00 |

|  |  |  |
|---|---:|---:|
| Noticing Fees | $182.00 | $182.00 |
| Domestic Support | $0.00 | $0.00 |
| Debtor Attorney Fees | $2,500.00 | $2,500.00 |
| Home Mortgage Arrears | $0.00 | $0.00 |
| Secured Claims - E(1) | $22,026.34 | $27,273.76 |
| Secured Claims - E(2)(a) | $0.00 | $0.00 |
| Secured Claims - E(2)(b) | $0.00 | $0.00 |
| Priority Claims | $0.00 | $0.00 |
| Special Class | $0.00 | $0.00 |
| Unsecured Claims | $32,349.70 | $0.00 |
| Total | $57,058.04 | $29,955.76 |

| | | | |
|---|---:|---|---:|
| Total Plan Base from Page One | $33,300.00 | Trustee Fees | $3,308.19 |
| Total Payments to Creditors other than General Unsecureds | $33,263.95 | Total Payments (Calculated Base Amount) | $33,263.95 |
| Residual Plan Base Available for General Unsecureds | $36.05 | | |
| Estimated Dividend (%) to Unsecureds Available from Residual Plan Base | 0.10% | | |
| Percentage of Guaranteed Minimum to be paid from Residual Plan Base | 100.00% | | |

# AUTHORIZATION FOR ADEQUATE PROTECTION DISBURSEMENTS

DEBTOR 1: ENOLA GAY GEORGE  DATED: 09/15/10
DEBTOR 2:
CASE NUMBER: 10-60198-13

THE UNDERSIGNED DEBTOR(S) HEREBY REQUEST THAT PAYMENTS RECIEVED BY THE TRUSTEE PRIOR TO CONFIRMATION BE DISBURSED IN ACCORDANCE WITH GENERAL ORDER 2009-03, AS INDICATED BELOW:

| Periodic Payment Amount | | | $555.00 |
|---|---|---|---|
| Disbursements: | First | Other | |
| Account Balance Reserve | $5.00 | $0.00 | |
| Related Expense To Trustee | $36.80 | $55.50 | |
| Filing Fees | $0.00 | $0.00 | |
| Noticing Fees | $182.00 | $0.00 | |
| Subtotal Expenses/Fees | $223.80 | $55.50 | |
| Available For Adequate Protection, Attorney Fees and Undisputed Priority Claims From First Disbursement: | | | $331.20 |

## DOMESTIC SUPPORT OBLIGATIONS - NONE LISTED

## SECURED CREDITORS

| Creditor Name | Collateral Discription | Scheduled Amount | Claim Amount | Value of Collateral | Adequate Protection% | Adequate Protection Pmt |
|---|---|---|---|---|---|---|
| CHASE HOME FINANCE | HOME 5236 FAIRWAY DRIVE SAN ANGELO | ****SEE LEFT | ****SEE LEFT | ****SEE LEFT | 1.25% | $0.00 |
| 0 | ****ARREARAGE IS $26,490.55**** | $0.00 | $0.00 | $0.00 | 1.25% | $0.00 |
| BANK OF AMERICA HOME LOAN | HOME 5236 FAIRWAY DRIVE SAN ANGELO | ****SEE LEFT | ****SEE LEFT | ****SEE LEFT | 1.25% | $0.00 |
| 0 | ARREARAGE IS $669.00**** | $0.00 | $0.00 | $0.00 | 1.25% | $0.00 |
| First Community Federal Credit Union | 2005 Chevrolet Corvette | $22,026.34 | $0.00 | $22,026.34 | 1.25% | $275.33 |

## UNSECURED PRIORITY CREDITORS - NONE LISTED

## UNSECURED SPECIAL CLASS CREDITORS - NONE LISTED

| Total Payments to Domestic Support and Secured Creditors: | $275.33 | Total Payments to Undisputed Priority & Special Creditors: | $0.00 |
|---|---|---|---|
| Funds Available For Debtor's Attorney From First Disbursement: | | $55.87 | |
| Funds Available For Debtor's Attorney From Future Disbursements: | | $224.17 | |
| Estimated Number of Months to Pay all Attorney Fees Through the Plan: | | 11 Month(s) | |

PROPOSED, AUTHORIZED, REQUESTED, AND ACKNOWLEDGED:

BY DEBTORS DATED: 09/14/2010                    /s/Dana Ehrlich
                                                Attorney For Debtor(s)/Debtor(s)

# SECTION II
# DEBTOR'S (S') CHAPTER 13 PLAN - GENERAL PROVISIONS

### A. SUBMISSION OF DISPOSABLE INCOME

Debtor(s) hereby submits such portion of future earnings or other future income as hereinafter provided to the supervision and control of the Trustee as is necessary for the execution of the Plan as hereinafter provided.

Debtor proposes to PAY TO THE TRUSTEE the Base Amount indicated in Section I hereof.  If applicable, cause exists for payment over a period of more than three (3) years.

If the Plan does not pay 100% to all creditors, the Base Amount shall not be less than the sum of the allowed administrative expenses plus the allowed priority and secured claims (with interest if applicable) plus the greater of the unsecured creditors' pool, or the 11 U.S.C. 1325(a)(4) amount.

Payment of any claim against the debtor may be made from the property of the estate or property of the Debtor(s), as herein provided.

### B. ADMINISTRATIVE EXPENSES, DSO CLAIMS & PAYMENT OF TRUSTEE'S STATUTORY FEES AND NOTICING FEES

The Administrative Expenses of the Trustee shall be paid in full pursuant to 11 U.S.C. Sec 105 (a), 503 (b), 1326 (b)(2), and 28 U.S.C. Sec 586 (e)(1)(B). The Trustee's Fees & Expenses, not to exceed ten percent (10%) allowed pursuant to 28 U.S.C. Sec 586 (e)(1)(B), shall be deducted from each payment. Additionally, the Trustee is authorized to charge and collect Noticing Fees as indicated in Section I, Part "B" hereof, pursuant to local rule.  No Trustee fee will be collected on Noticing Fees.

Debtor will pay in full all Domestic Support Oblligations that are due before discharge, including section 507(a)(1) Priority claims due before the petition was filed, but only to the extent provided for in this Plan.

### C. ATTORNEY FEES

Debtor's(s') Attorney Fees totaling the amount indicated in Section I, Part "C" shall be paid by the Trustee pursuant to this Plan and the Debtor's(s') Authorization for Adequate Protection Disbursements.

### D. PRINCIPAL RESIDENCE ARREARAGES (HOME MORTGAGE)

Arrearages on claims secured only by a security interest in the Debtor's(s') principal residence shall be paid by the Trustee in the allowed pre-petition arreage amount, and at the Annual Percentage Rate of interest indicated on Section I, Part "D" herein. To the extent interest is provided, interest will be calculated from the date of the Petition. The principal balance owing upon confirmation of the Plan on the allowed pre-petition arrearage amount shall be reduced by the total of adequate protection paid less any interest (if applicable) made to the respective creditor by the Trustee.  Unless otherwise provided, post-petition payments may be paid "Direct" by Debtor(s), beginning with the first payment due after the 'Date Arrears are Through' date in Section I, Part "D".  Such creditors shall retain their liens. To the extent an arrearage claim is allowed in an amount in excess of the Scheduled Amount, the Debtor will promptly Modify the Plan to provide for full payment of the allowed amount, or for surrender of the collateral, at Debtor's election.  If Debtor elects to surrender the collateral, the creditor may retain all pre-surrender payments received pursuant hereto.

If pursuant to this Plan, the Debtor pays through the Trustee the Allowed pre-petition Home Mortgage Arrearage Claim Amount to any Mortgagee identified in paragraph "D" or its assignee(s), while timely making all required post-petition mortgage payments, upon discharge, the mortgage will thereupon be reinstated according to its original terms, extinguishing any right of the Mortgagee or its assignee(s) to recover any amount alleged to have arisen prior to the filing of the petition.

### E.(1) SECURED 1325(a)(5)(A) OR (B) CLAIMS TO BE PAID BY TRUSTEE

The claims listed in Section I, Part "E(1)" shall be paid by the Trustee as "SECURED" to the extent of the lesser of the Claim Amount (per timely filed Proof of Claim not objected to by a party in interest), or the VALUE as shown of the collateral, which will be retained by the Debtor(s).  Any amount claimed in excess of the value shall automatically be "split" and treated as unsecured as indicated in Section I, Part "H" or "J", per 11 U.S.C. Sec. 506(a).  Such creditors shall retain their liens on the collateral described in Section I Part "E(1)" until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under Section 1328, and shall receive interest at the Annual Percentage Rate indicated from the date of confirmation hereof, or if the value shown is greater than the Claim Amount, from the date of the Petition.  The principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection paid less any interest (if applicable) paid to the respective creditor

### E.(2)(a) SECURED 1325(a)(9) CLAIMS TO BE PAID BY TRUSTEE - NO CRAM DOWN

Claims in Section I, Part "E(2)(a)" are either debts incurred within 910 days of the Petition date secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor or debts incurred within one year of the petition date secured by any other thing of value.

The claims listed in Section I, Part "E(2)(a)" shall be paid by the Trustee as "SECURED" to the extent of the "ALLOWED AMOUNT" (per timely filed Proof of Claim not objected to by a party in interest).  Such creditors shall retain their liens on the collateral described in Section I, Part "E(2)(a)" until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under Section 1328, and shall receive interest at the Annual Percentage Rate indicated from the date of the Petition.  The principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection paid less any interest (if applicable) paid to the respective creditor by the Trustee.

### E.(2)(b) SECURED 1325(a)(9) CLAIMS TO BE PAID BY TRUSTEE - CRAM DOWN

The claims listed in Section I, Part "E(2)(b)" shall be paid by the Trustee as "SECURED" to the extent of the LESSER OF the Claim Amount (per timely filed Proof of Claim not objected to by a party in interest), or the VALUE as shown of the collateral, which will be retained by the Debtor(s). Any amount claimed in excess of the value shall automatically "split" and be treated as unsecured as indicated in Section I, Part "H" or "J", per 11 U.S.C. Sec. 506(a).  Such creditors shall retain their liens on the collateral described in Section I Part "E(2)(b)" until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under Section 1328, and shall receive interest at the Annual Percentage Rate indicated from the date of confirmation hereof, or if the value shown is greater than or equal to the Claim Amount, from the date of the Petition. The principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection paid less any interest (if applicable) paid to the

**IF THE "VALUE" SHOWN IN "E(2)(B)" ABOVE IS LESS THAN THE "SCHEDULED AMOUNT" SHOWN, THE "ALLOWED AMOUNT" OF THE SECURED PORTION OF THE CLAIM SHALL NOT EXCEED THE "VALUE" DETERMINED AT CONFIRMATION.**
**IN THE EVENT THAT A CREDITOR OBJECTS TO THE TREATMENT PROPOSED IN THIS PARAGRAPH, THE DEBTOR RETAINS THE RIGHT TO SURRENDER THE COLLATERAL TO THE CREDITOR.  IF THE DEBTOR ELECTS TO SURRENDER THE COLLATERAL, THEN THE AUTOMATIC STAY WILL BE TERMINATED AS TO SUCH COLLATERAL UPON THE ENTRY OF THE ORDER CONFRIMING THE PLAN, UNLESS OTHERWISE ORDERED BY THE COURT.**
**ABSENT SUCH OBJECTION, THE CREDITOR SO LISTED IN "E(2)(b)" SHALL BE DEEMED TO HAVE "ACCEPTED" THE PLAN PER SECTION 1325(a)(5)(A) OF THE BANKRUPTCY CODE AND WAIVED ITS RIGHTS UNDER SECTION 1325(a)(9) OF THE BANKRUPTCY CODE**.
**To the extent a secured claim NOT provided for in Section I, Part "D","E(1)" or "E(2)" is allowed by the Court, Debtor(s) will pay the claim 'DIRECT' per the contract unless otherwise Ordered by the Court.  Each secured claim shall constitute a seperate class.**

### F. SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL PRE-CONFIRMATION

The claims listed in Section I, Part "F" shall be satisfied as 'SECURED' to the extent of the VALUE of the collateral as shown, by SURRENDER of the collateral by the Debtor(s) on or before Confirmation.  Any amount claimed in excess of the value of the collateral as shown, to the extent it is allowed, shall be automatically "split" and treated as indicated in Section I, Part "H" or "J" per 11 U.S.C. Sec. 506(a). Each secured claim shall constitute a separate class.

**G. DIRECT PAYMENTS BY DEBTOR(S)**

All secured claims listed in Section I, Part "G" shall be paid 'DIRECT' by the Debtor(s) in accordance with the terms of their agreement, unless otherwise provided in Section I, Part "M". Each secured claim shall constitute a separate class.

**H. PRIORITY CLAIMS**

All allowed claims (i.e., those for which a Proof of Claim is timely filed and not objected to by a party in interest) entitled to priority under Section 507(a) of the Bankruptcy Code, other than Section 507(a)(1) Domestic Support Obligations, will be paid in full (except as provided in Section 1322(a)(4)) in deferred installments, unless the holder of such claim agrees to a different treatment of such claim. Failure to object to confirmation of this Plan shall not be deemed "acceptance" of the "Scheduled Amount" shown in Section I, Part "H" hereof. The claims listed in Section I, Part "H" shall be paid their allowed amount by the trustee, in full, as Priority, without interest, at the monthly amount indicated, or pro rata.

Priority claims for taxes are unsecured and shall not accrue interest or penalty subsequent to the date of filing, and such interest or penalty as might otherwise accrue thereafter shall be discharged upon completion of the plan.

**I. SPECIAL CLASS UNSECURED CLAIMS**

Special Class unsecured claims shall be treated as allowed by the Court.

**J. GENERAL UNSECURED CLAIMS TIMELY FILED**

All other claims not otherwise provided for herein above shall be designated general unsecured claims. Payments, if any, to general unsecured claims will be on a pro rata basis determined monthly. All allowed general unsecured claims shall be paid in an amount under the Plan which is not less than the amount that would be paid on such claims if the estate of the Debtor(s) were liquidated under Chapter 7 of the Bankruptcy Code on the date of filing of the petition herein.

Any delinquencies under the Plan on allowed secured claims, allowed priority claims and allowed special class unsecured claims must be brought current before any payments are made on general unsecured claims.

General unsecured claims may be paid concurrently with secured, priority and special class unsecured claims so long as each secured, priority, and special class unsecured creditor is receiving not less than its monthly installment as provided herein. Any delinquencies under the plan on all allowed secured claims, allowed priority claims and special class claims must be brought current before any payments are made to the general unsecured claims.

General unsecured claims totaling the amount indicated in Section I, Part"J", shall be paid by the Trustee, a PRO RATA share of the unsecured creditors pool estimated in Section I, Part "J" but not less than the amount indicated pursuant to Section 1325(a)(4) less allowed administrative and priority claims.

**K. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

As allowed by Section 1322(b)(7) of the Bankruptcy Code, the Debtor(s) assume(s) or reject(s) the executory contracts or unexpired leases with the parties so indicated in Section I, Part "K". Assumed lease and executory contract arrearage amounts shall be paid by the Trustee as indicated in Section I, Part "E".

**L. CLAIMS TO BE PAID**

See Section I, Part "L" of the Plan.

**M. ADDITIONAL PLAN PROVISIONS**

The provisions set forth in Section I, Part "M" are miscellaneous Plan provisions not otherwise referred to herein.

**N. POST-PETITION CLAIMS**

Claims filed under Section 1305 of the Bankruptcy Code shall be paid as allowed. To the extent necessary, Debtor will modify this plan.

**O. LATE FILED CLAIMS AND CLAIMS NOT FILED**

Late filed unsecured claims on pre-petition debt shall be paid pro rata, but only after all other timely filed claims are paid in full. Such payment shall be before any payment on pre-petition non-pecuniary penalties. Late filed claims on priority pre-petition claims shall be paid in full before any payment on late filed general unsecured pre-petition claims. Late filed secured claims shall be paid in full before any payment on late filed priority claims.

A claim not filed with the Court will not be paid by the Trustee post-confirmation regardless of its treatment in Section I or on the AAPD.

**P. CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES**

Any unsecured claim for non-pecuniary penalties, fines, forfeitures, multiple, exemplary or punitive damages, expressly including IRS penalty to date of petition on unsecured and/or priority claims, shall be paid only a pro rata share of any funds remaining after all other unsecured claims, including late filed claims, shall have been paid in full.

**Q. CLAIMS FOR POST-PETITION PENALTIES AND INTEREST**

No interest, penalty, or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition, unless expressly provided herein.

**R. BUSINESS CASE OPERATING REPORTS**

Upon Confirmation, business debtors are no longer required to file operating reports with the Trustee, unless the Trustee requests otherwise. However, a final operating report through the date of confirmation is required if operating reports were previously required. Confirmation hereof shall terminate the Trustee's duties to investigate or monitor the debtor's business affairs, assets or liabilities.

**S. NO TRUSTEE'S LIABILITY FOR DEBTOR'S POST CONFIRMATION OPERATION AND BAR DATE FOR CLAIMS FOR PRECONFIRMATION OPERATIONS**

The Trustee shall not be liable for any claim arising from the post-confirmation operation of Debtor's business. Any claims against the Trustee arising from the pre-confirmation operation of the Debtor's business must be filed with the Bankruptcy Court within (60) days after entry by the Bankruptcy Court of the Order of Confirmation hereof, or be barred.

**T. DISPOSAL OF DEBTOR'S NON-EXEMPT PROPERTY AND TRUSTEE PAYMENTS UPON POST CONFIRMATION CONVERSION OR DISMISSAL.**

Debtor(s) shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by Debtor(s), prior to discharge without order of the Court after notice to the Trustee and all creditors. Upon conversion or dismissal of the case, the Trustee shall disburse all funds on hand in accordance with General Order 2009-03 and any amendments thereto.

## U. ORDER OF PAYMENT
All claims shown in Section I, will be paid in the following order from each disbursement to the extent allowed after all filing fees have been paid in full:
- 1st   Administrative Fees set out in "B"
- 2nd  Specified monthly dollar amounts to secured creditors shown in "D" and "E"
- 3rd   Debtor(s)' attorney fees shown in "C" until paid in full
- 4th   Specified monthly dollar amounts shown in "H" (Priority - per month)
- 5th   Specified monthly dollar amounts shown in "I" (Special Class - per month)
- 6th   Pro-rata among claims shown in "J" other than "Late Filed" or "Penalty"
- 7th   Pro-rata among claims shown as Priority "Late Filed" shown in "H"
- 8th   Pro-rata among claims shown as Unsecured "Late Filed" shown in "J"
- 9th   Pro-rata among all claims shown as "Penalty" shown in "J"

## V. TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC") PROCEDURE
Pursuant to General Order 2009-03, Paragraph 8, as soons as practicable after the governmental claims bar date, the Trustee shall prepare and serve on Debtor's counsel, all creditors who were scheduled, all creditors who filed claims and any party that has filed a Notice of Appearance, a Trustee's Recommendation Concerning Claims ("TRCC") and Notice of Hearing and Pre-Hearing Conference thereon.  The TRCC may be deemed in part to be an Objection to Claims.  Objections to the TRCC shall be filed within thirty (30) days from the date of service of the TRCC.  Unless an objection is timely filed as to the treatment of any claim, the claim will be allowed or approved only as described in the TRCC and such treatment will be binding on all parties without further order of the Court.  All unresolved objections to the TRCC shall be deemed waived if not timely filed or if the proponent of any such objection fails to attend the Trustee's Pre-Hearing Conference or give the Trustee prior written notice that a hearing is necessary.  To the extent secured and/or priority claims being paid through the Plan by the Trustee are allowed for amounts in excess of the amounts provided for in this Plan, the Debtor(s) will promptly modify the P

## W. UNFILED CLAIMS
A claim not filed with the Court will not be paid by the Trustee post-confirmation regardless of its treatment in Section I.

## SECTION III
## MOTION FOR VALUATION

Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. Sec 506(a), 1325(a)(5) and (9) and for purposes of determination of the amounts to be distributed to holders of secured claims who do not accept the Plan, Debtor(s) hereby move the Court to value the collateral described in Section I, Part "E(1)" or "E(2)(b)" and Part "F", as the LESSER of the value set forth therein, or any value claimed on the proof of claim.  **Any objection to valuation shall be filed at least seven (7) days prior to confirmation, or be deemed waived.**

Respectfully submitted,

*/s/Dana A. Ehrlich*
_____
Debtor(s) or Debtor's(s') Attorney
State Bar Number  ____*Bar # 06486400*

Case No: 10-60198-13

Debtor 1 Name: ENOLA GAY GEORGE

Debtor 2 Name: _____

Dana Ehrlich
STATE BAR NO. 06486400
P. O. BOX 1831
SAN ANGELO, TEXAS 76902
325-655-5351
FAX NO. 325-655-7089
Attorney for Debtor

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# (SAN ANGELO DIVISION)

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **ENOLA GAY GEORGE** | § | |
| | § | |
| | § | **NO. 10-60198-rlj13** |
| *Debtor* | § | |

## CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN

    I, the undersigned, hereby certify that a true and correct copy of the attached Debtor's Chapter 13 Plan was served on the date set forth below by electronic notice and/or first class mail, postage paid, in accordance with the Bankruptcy Rules to:

The Attached Matrix

Dated: September 15, 2010


*/s/Dana A. Ehrlich*
Dana A. Ehrlich

1st Community FCU
P.O. Box 6354
Fargo, ND 58125-6354

1st Community FCU
P.O. Box 790408
St. Louis, MO 63179-0408

American Coradius Intern'l
2420 Sweet Home Rd, Ste 150
Amherst, NY 14228-2244

Bank of America Home Loans
Customer Service
PO Box 5170
Simi Valley, CA 93062-5170

Bank of America Home Loans
PO Box 650070
Dallas, TX 75265-0070

Capital Management Services
726 Exchange Street Ste 700
Buffalo, NY 14210

CashNetUSA.com
200 W. Jackson Blvd, 4th Floor
Chicago, IL 60606-6941

Chase Bank USA, N.A.
P.O. Box 15298
Wilmington, DE 19850-5298

Chase Bank USA, N.A.
P.O. Box 94014
Palatine IL 60094-4014

Chase Home Finance
PO Box 24696
Columbus, OH 43224-4696

Chase Home Finance
PO Box 78420
Phoenix, AZ 85062-8420

Citibank Sears Gold
PO Box 140310
Toledo, OH 43614

Citibank-Sears Gold
P.O. Box 6497
Sioux Falls, SD 57117-6497

Citicorp Credit Services, Inc.
PO Box 2695
Waterloo, IA 50704-2695

Codilis & Stawiarski, PC
650 N. Sam Houston Pkwy, E. Ste 450
Houston, TX 77060

Corporate Receivables, Inc.
P.O. Box 32995
Phoenix, A 85064-2995

Danbury Mint
47 Richards Avenue
Norwalk, CT 06857

Elan
P.O. Box 790084
St. Louis, MO 63179-0084

Enhanced Recovery Corp
8014 Bayberry Rd.
Jacksonville, FL 32256-7412

First Bank of Delaware
PO Box 37727
Philadelphia, PA 19101

First Community Federal Credit Union
3505 Wildewood Drive
San Angelo, Texas 76904

Firstsource Advantage, LLC
P.O. Box 628
Buffalo, NY 14240-0628

GE Money Bank-Dillards
P.O. Box 103104
Roswell, GA 30076

GE Money Bank-Dillards
P.O. Box 981430
El Paso, TX 79998-1430

HSBC Best Buy
P.O. Box 60148
City of Industry, CA 91716-0148

HSBC-Best Buy
PO Box 15521
Wilmington DE 19850-5521

HSBC-Furniture Row
PO Box 4144
Carol Stream, IL 60197-4144

HSBC-Furniture Row
PO Box 60107
City of Industry, CA 91716-0107

Law Office of Curtis Barnes
PO Box 1390
Anaheim CA 92815

LTD Financial Services LP
PO Box 630769
Houston, TX 77263-0769

National Processing of America
PO Box 7666
Shawnee Mission, KS 66207

NCO Financial Systems Inc.
PO Box 15889
Wilmington, DE 19850-5889

Paul Parker, Atty
215 W. Twohig, Ste 200
San Angelo, TX 76903

Prof Bureau of Collections of MD
PO Box 628
Elk Grove, CA 95759

Shell
Processing Center
Des Moines, IA 50359-0001

Shell
P.O. Box 689151
Des Moines, IA 50368-9151

Southland Park of Angelo, LP
dba Southland Mini Warehouses
2617 Southland Blvd
San Angelo, TX 76904

TG
PO Box 659602
San Antonio, TX 78265

TG Loans
PO Box 83100
Round Rock, TX 78683-3100

Tom Nurre, Jr.
ASU Station
Box 11021
San Angelo, TX 76906

United Recovery Systems
P.O. Box 722929
Houston, TX 77272-2929

WFNNB-Victoria Secret
PO Box 182125
Columbus, OH 43218-2125

WFNNB-Victoria Secret
PO Box 659728
San Antonio, TX 78265-9728